UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

QUINN AARON KLEIN,            )
                              )
    Plaintiff,                )
                              )
v.                            )    Case No. CIV-13-1207-HE
                              )
JO GWINN et al.,              )
                              )
    Defendants.               )

# REPORT AND RECOMMENDATION

Plaintiff, Mr. Quinn Aaron Klein, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 3) be DENIED in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $400.00 filing fee before being allowed to proceed in this action.

The statute governing proceedings *in forma pauperis* provides a "three strikes" limitation:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On January 25, 2013, District Judge Joe Heaton found that Mr. Klein had accumulated three strikes. *Klein v. Rios*, No. CIV-12-1292-HE, 2013 WL 309008 (W.D. Okla. Jan. 25, 2013). Thus, Mr. Klein cannot be granted leave to proceed *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."

With regards to whether Mr. Klein faces such imminent danger, Mr. Klein states that his "safety has been put in [j]eopardy by Defendants," because his "medical confidential records/info was exposed to D. Jones, an inmate in writing and verbally [p]lacing [Mr. Klein] in great bodily [h]arm if in the wrong hands." Compl., Doc. No. 1, at 1, 3.[1] Anticipating his ineligibility to proceed *in forma pauperis* due to the three-strikes limitation, Mr. Klein also filed a brief in support of his motion, stating:

> 1) I have been falsely accused, slandered; my medical information exposed to offenders which can very easily be potential harm; possibly Death.
> 2) I fear my safety due to the allegations and exposure of my medical information.
> 3) I am hated by 100% of the staff at this prison, which puts me in further danger of Great bodily harm because the Corr. Officers/Staff will <u>not</u> try to help me.
> 4) I'm (since all of this occurred,) on psych meds for stress, depression; nerves[.]
>
> I am <u>not</u> safe and for those reasons this Petition should be filed and must Proceed without pre payment of fees.

Pl.'s Brief in Support of Mot. to Proceed In Forma Pauperis, Doc. No. 4, at 1-2.

---

[1] Mr. Klein indicates that he is HIV positive and has been placed in solitary confinement. Compl. at 8.

Mr. Klein also has filed several motions in which he makes conclusory references to safety concerns. *E.g.*, Motion for Prohibition, Doc. No. 5, at 1 ("I'm scared for my safety with the Defendants having contact directly and indirectly, THEY will poison me. . . ."); Motion to Appoint Counsel, Doc. No. 6, at 2 ("I fear my safety around Defendants and Co-Workers."); Motion for Emergency Injunction, Doc. No. 7, at 2 ("I FEAR My Life Help"); Motion to Admit, Doc. No. 9, at 1 ("I fear my safety and this action should be filed without pre-payment of fee due to the seriousness and the Grave bodily danger it places me in."). In two Motions for Emergency Injunction (Doc. Nos. 7 and 8), Mr. Klein seeks to avoid being transferred from his current facility, despite his alleged safety concerns. Further, on an Emergency Offender Grievance Report Form dated October 10, 2013, and filed as an exhibit to his Complaint, Mr. Klein complains of the same alleged improper disclosure of his HIV status by Defendant Jo Gwinn as he complains of in his Complaint. Compl. Ex. 13, Doc. No. 1-3, at 4-5. On this form, however, Mr. Klein states, "I <u>waive</u> protection and do <u>not</u> fear my safety from offenders nor staff at JCCC." *Id.* at 5.

The undersigned has reviewed Mr. Klein's Complaint, his Motion for leave to proceed *in forma pauperis*, his brief in support of that motion, and his other filings to date. Mr. Klein has not provided adequate factual detail to support his conclusory assertion that his safety is in jeopardy and indeed has recently made a statement contradicting his assertion of being in danger. The undersigned finds that Mr. Klein has not established that he is "under imminent danger of serious physical injury," as would be required to avoid the three-strikes limitation set forth in 28 U.S.C. § 1915(g).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 3) be DENIED, and that this action be DISMISSED without prejudice unless Plaintiff pays the $400.00 filing fee within 21 days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

## RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 6, 2013, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Mr. Klein is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 15th day of November, 2013.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE